**JACKSON LEWIS P.C.**
Marjorie N. Kaye, Esq. (PA #315093)
Kristin L. Witherell, Esq. (PA #325594)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO ROMERO,<br>7 Long Meadow Road<br>Royersford, PA 19468<br><br>    Plaintiff,<br><br>  v.<br><br>GUARDICORE, INC.,<br>100 Summer Street<br>Suite 1600<br>Boston, MA 02110<br><br>    Defendant. | CIVIL ACTION NO.: **19   4932**<br><br>**NOTICE OF AND<br>PETITION FOR REMOVAL**<br><br> |

To:   Clerk of Court
U.S. District Court for the Eastern District of Pennsylvania
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market Street  Suite 515
Philadelphia, PA 19103

## NOTICE OF AND PETITION FOR REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant hereby invokes this Court's jurisdiction under 28

U.S.C. § 1332, and states the following grounds for removal:

## BACKGROUND

1.      Plaintiff Antonio Romero ("Plaintiff") instituted this action on September 16, 2019 in the Pennsylvania Court of Common Pleas, Philadelphia. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.      Defendant was served with the Complaint on October 4, 2019.

3.      These documents constitute all pleadings, process and other documents served upon Defendant in this action.  These documents are the initial pleadings served upon Defendant setting forth the claims upon which Plaintiff's action is based.

4.      This notice and petition is timely filed pursuant to the provisions of 28 U.S.C. § 1446(b) in that Defendant has effected removal within thirty (30) days of receipt of a paper from which it could first be ascertained that this action is removable.

5.      Defendant has not filed an answer or other pleading in the Pennsylvania Court of Common Pleas, Philadelphia County.

6.      Venue is proper in this Court as it is the District Court of the United States for the district and division within which the state court action is pending.

## DIVERSITY JURISDICTION

7.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because it is a civil action between citizens of a State and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This case may therefore be removed pursuant to 28 U.S.C. § 1441.

8.      28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9.    This action is one over which this Court has original jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(2), the district courts have original jurisdiction of all civil actions between citizens of a State and citizens or subjects of a foreign state where the matter in controversy exceeds the sum or value of $75,000.

10.    In this matter, there is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is and has been, both upon the filing of the subject Complaint on September 16, 2019, and the filing of this removal petition, a citizen and resident of the Commonwealth of Pennsylvania. Guardicore, Inc., has been and is, both upon the filing of the subject Complaint on September 16, 2019, and the filing of this removal petition, a Delaware corporation with its principal place of business in the State of Massachusetts.

11.    The entire amount in controversy, while not specifically enumerated in Plaintiff's complaint, appears to contemplate an amount exceeding the sum or value of $75,000.00. *See* Ex. A. Where removal is based on 28 U.S.C. § 1332 (a), and the plaintiff does not specifically delineate damages sought in the complaint, courts must measure the amount by a reasonable reading of the value of the rights being litigated. 28 U.S.C. § 1446(c)(2); *see also Werwinski v Ford Motor Co.*, 286 F. 3d 661, 666 (3d Cir. 2002) (finding that district courts must measure the amount in controversy "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated") (quoting *Angus v. Shiley Inc.*, 989 F. 2d 142, 146 (3d Cir, 1993)). In this matter, a reasonable reading of the complaint supports Defendant's position that the amount in controversy exceeds $75,000.

12.     Here, Plaintiff seeks to recover "an amount in excess of $50,000 in economic damages and compensatory damages for emotional distress, together with costs, interest, and attorneys' fees." (See Exhibit A). Given the relief requested by Plaintiff, Defendant submits that the amount in controversy exceeds the jurisdictional amount. Therefore, the jurisdictional threshold of $75,000 is satisfied.

13.     Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332(a)(2). Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## VENUE

Pursuant to 28 U.S.C. §§ 1441(a), venue lies in the United States District Court for the Eastern District of Pennsylvania because the state action was filed in this District and this is the judicial district in which the action arose.

## NOTICE

Pursuant to 28 U.S.C. §1446(d), Defendants have given written notice of the removal of this action to all adverse parties, and has filed a copy of this Notice with the Clerk of the Court of Common Pleas, Philadelphia County, Civil Division.

Respectfully submitted,

JACKSON LEWIS P.C.

Marjorie N. Kaye (PA #315093)
Kristin L. Witherell (PA #325594)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249

4

marjorie.kaye@jacksonlewis.com
kristin.witherell@jacksonlewis.com
ATTORNEYS FOR DEFENDANT

Dated: October 22, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANTONIO ROMERO,

             Plaintiff,

    v.

GUARDICORE, INC.,

             Defendant.

CIVIL ACTION NO.:

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October 2019, a true and correct copy of

**Defendant's Notice of and Petition for Removal** was filed with the Court and served upon the

individuals listed below, via E-mail and/or Overnight Mail.

> Sidney L. Gold, Esquire
> 1835 Market Street, Suite 515
> Philadelphia, PA 19103

Marjorie N. Kaye (PA #315093)

4837-6215-2874. v. 1

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

## SEPTEMBER 2019

E-Filing Number 1909035403

# 002012

PLAINTIFF'S NAME
ANTONIO ROMERO

DEFENDANT'S NAME
GUARDCORE, INC

PLAINTIFF'S ADDRESS
LONG MEADOW ROAD

DEFENDANT'S ADDRESS

PLAINTIFF'S NAME

DEFENDANT'S NAME

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS

PLAINTIFF'S NAME

DEFENDANT'S NAME

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|

COMMENCEMENT OF ACTION
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [X] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [X] Jury
- [ ] Non-Jury
- [ ] Other

- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition

- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals

- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**

SEP 16 2019

**A. SILIGRINI**

6 CASE SUBJECT TO
COORDINATION ORDER?
YES        NO

## TO THE PROTHONOTARY

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant  ANTONIO ROMERO

Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY
SIDNEY L. GOLD

ADDRESS
1835 MARKET STREET
SUITE 515
PHILADELPHIA PA 19103

PHONE NUMBER

FAX NUMBER

SUPREME COURT IDENTIFICATION NUMBER

E-MAIL ADDRESS

SIGNATURE OF FILING ATTORNEY OR PARTY

DATE SUBMITTED
Monday, September 16, 2019

FINAL COPY (Approved by the Prothonotary Clerk)

SIDNEY L. GOLD & ASSOC , P C
Sidney L. Gold, Esquire
Identification No  21374
1835 Market Street · Suite 515
Philadelphia, PA 19103
(215) 569-1999

ANTONIO ROMERO
7 Long Meadow Road
Royersford, PA 19468

                Plaintiff

GUARDICORE, INC
650 California Street, 7th Floor
San Francisco, CA 94108
                Defendant

THIS IS NOT AN ARBITRATION
MATTER. COMMERCE TRIAL
IS HEREBY DEMANDED

Attorneys for Plaintiff

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

SEPTEMBER TERM, 2019
NO

CIVIL TRIAL DIVISION

NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL AND INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, PA 19107<br>Telephone. 215-238-1701 &<br>(215) 238-6333<br>TTY- (215) 451-6197 | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona  See avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.   SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br>ASOCIACION DE LICENCIADOS DE FILADELFIA<br>SERVICIO DE REFERENCIA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: 215-238-1701<br>(215) 238-6333<br>TTY-(215) 451-6197 |

SIDNEY L. GOLD & ASSOC . P C
Sidney L. Gold, Esquire
Identification No.: 21374
1835 Market Street - Suite 515
Philadelphia, PA 19103
(215) 569-1999

ANTONIO ROMERO,
7 Long Meadow Road
Royersford, PA 19468
                    Plaintiff,

            v.

GUARDICORE, INC
650 California Street, 7ᵗʰ Floor
San Francisco, CA 94108
                    Defendant

THIS IS NOT AN ARBITRATION
MATTER, A JURY TRIAL
IS HEREBY DEMANDED


Attorneys for Plaintiff

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY


SEPTEMBER TERM, 2019
NO..

CIVIL TRIAL DIVISION

## CIVIL ACTION COMPLAINT
*(Pennsylvania common law)*

### I.    PRELIMINARY STATEMENT:

1.    This is an action for an award of damages on behalf of Plaintiff, Antonio

Romero ("Plaintiff") against Defendant GuardiCore, Inc ("Defendant"), who was

harmed by the Defendant's unlawful actions

2    This action arises under Pennsylvania common law  Plaintiff brings this

action as a result of Defendant's un awful misrepresentation with respect to Plaintiff's

employment  Plaintiff further alleges that Defendant unlawfully breached his

employment contract with the Defendant.

1

## II.   VENUE:

3. ,   Venue is proper in this judicial county as the Defendant regularly conducts business in Philadelphia, and the transactions and occurrences upon which Plaintiff's claims are based occurred in Philadelphia County.

## III.   PARTIES:

4.   Plaintiff, Antonio Romero ("Plaintiff"), is a thirty-two (32) year old male and citizen of the Commonwealth of Pennsylvania. residing therein at 121 Forelock Court West Chester, Pennsylvania, 19382

5   Defendant, GuardiCore, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the State of Delaware, maintaining a place of business located at 650 California Street, 7th Floor. San Francisco, California, 94108

6   At all times relevant hereto Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

## IV.   STATEMENT OF FACTS:

7.   In or about January of 2017. Defendant began to actively recruit Plaintiff to fill Defendant's Technical Account Manager ('TAM") position.

8   By way of background. Defendant sells and installs security software that allows its customers to identify deficiencies in their data security in order to prevent possible data breaches

2

9       By way of further background, Defendant entered into a contract with Comcast Cable Communications, LLC ("Comcast") prior to Plaintiff's hire to install security software onto Comcast's servers

10.     During Plaintiff's recruitment process, Defendant expressed that Defendant sought to hire an individual to work solely on the Comcast account  Specifically, the Defendant represented to Plaintiff that Defendant had a three (3) year contract with Comcast to install 85,000 software "agents" over the term of the three-year contract.

11.     By way of background, "agents" are defined as specific pieces of software installed on each end point server  Agents collect and store data taken from various connections within Comcast's system and send the data to a management server for analysis.

12      During the recruitment process, Plaintiff expressed his hesitation to leave his then-current employment  Specifically, Plaintiff was not actively seeking alternative employment and was satisfied with his then-current role

13      On or about March 15, 2017, Defendant extended its first employment offer to Plaintiff that included a $135,000 salary plus a $15,000 bonus and 10,000 shares in Defendant's stock

14.     In response thereto  Plaintiff informed Defendant that the compensation offered would effectively result in a 15-20% pay reduction from his then-current employment when benefits and expenses were factored into the salary offer

15      On or about March 26  2017, Plaintiff rejected Defendant's employment offer after the parties were unable to reach an agreement on the terms of his employment.

3

16      Thereafter, on or about October 10, 2017, Ilan Stern ("Stern"), Vice President of Human Resources, contacted Plaintiff and indicated that Defendant was interested in pursuing further compensation negotiations.

17      On or about October 18, 2017, Defendant extended its second employment offer to Plaintiff that included a $180,000 salary plus a $20,000 bonus and 20,000 shares of Defendant's stock   In addition, Defendant stated that Plaintiff would be entitled to participate in a new benefit plan which would become effective in or about January of 2018

18      In response thereto, on or about October 19, 2017 Plaintiff again expressed his hesitation over leaving his then-current employment   He contacted Stern to inquire about the benefit plan   Stern stated that he could not provide any details about the anticipated benefit plan   In connection thereto, Defendant further demanded that Plaintiff accept the said position by the end of the week.

19.      As a result thereof, on said date  Plaintiff rejected Defendant's employment offer

20      Thereafter, on or about November 30, 2017, Mona Strick ("Strick"), Third Party Recruiter, contacted Plaintiff stating that Defendant wanted to make a third offer of employment

21      On or about December 5, 2017, Plaintiff spoke with Shlomi Ceva ("Geva"), Director of Customer Success, about the roles and responsibilities of the TAM position. Geva represented to Plaintiff that Defendant had a good working relationship with Comcast, and that Defendant had already installed approximately 10,000 agents.

4

22.     On said date, Plaintiff expressed to Defendant that he would sustain a significant loss by leaving his then-current employment  Upon information and belief, Plaintiff's expected losses totaled more than $13,000 per annum.

23.     On or about December 13, 2017, Plaint ff met with Geva, Nathan Purdue ( Purdue"), Vice President of North American Sales, and Ariel Zeitlin ("Zeitlin"), Chief Technology Officer  During said meeting, Geva, Purdue, and Zeitlin represented to Plaintiff that Defendant had a good working relationship with Comcast. They stated that Defendant had installed over 10,000 agents with an additional 2,000 installs expected to be completed by the end of December of 2017, and that Defendant completed approximately 40 to 50% of the Year 1 targets.

24.     During said meeting, Plaintiff inquired what the specific targets were for the Comcast account and what would occur if said targets were not met  In response, Defendant stated that target estimates were 27,000 total installs in Year 1, 55,000 total installs in Year 2, and 85,000 total installs in Year 3  Defendant represented that the project was on schedule as expected

25.     On or about December 16, 2017, Defendant extended its third employment offer to Plaintiff that included an annual salary of $180,000 plus $20,000 in bonus and 20,000 shares of Defendant's stock  Additionally, the offer stated that Plaintiff would be "entitled to participate in the fringe benefit programs of the Company as shall be applicable to the Company's US employees "

26     On or about December 21, 2017, Plaintiff accepted Defendant's employment offer and submitted the signed offer letter

5

27. On or about December 24, 2017, Stern sent Plaintiff an email stating "BENEFITS WILL BE FROM DAY 1   WE ARE GOING TO OFFER (AS OF JANUARY 2018) AN IMPROVED MEDICAL PLAN   100% COVER OF THE EMPLOYEE COST, 40% COVER OF THE FAMILY WITH A CAP OF $1200.  THIS ALSO INCLUDES DENTAL AND VISION   WE WILL ALSO HAVE A MATCHING OF THE EMPLOYEE'S CONTRIBUTION TO 401K (50%) UP TO 6% OF THE SALARY (AND IMMEDIATELY VESTING FROM DAY 1) "  Stern also confirmed, "BONUS IS PAID QUARTERLY.  WE TRY TO PAY IT AS CLOSE TO THE END OF THE PREVIOUS QUARTER "  A true and correct copy of the said email from Stern dated December 24, 2017 is attached hereto as Exhibit "A "

28. On or about December 29, 2017, in anticipation of commencing employment in his new role with the Defendant, Plaintiff submitted his two-weeks' notice with his then employer, F5 Networks, Inc

29. On or about January 14, 2018, Plaintiff commenced employment with the Defendant as a Technical Account Manager ("TAM")

30. On or about January 22, 2018, Defendant notified Plaintiff that Plaintiff was unable to contribute to his 401k benefits until on or about March 14, 2018 due to "paperwork delays." This directly contradicted the representations made by Defendant that Plaintiff would be able to contribute and match from the commencement of his employment

31. On or about January 25, 2018, Plaintiff met with Stern to discuss the benefits plan, as Plaintiff had not been notified when to enroll   Stern indicated that the

6

benefits plan was still pending approval by the Defendant's Board notwithstanding earlier representations that the plan would be effective on Plaintiff's first day of employment.

32. On or about February 19, 2018, Plaintiff again inquired about the benefits plan. Stern informed him that the benefits plan was still pending but that Defendant "hoped" it would become effective in or around April of 2018.

33. On or about February 26, 2018, Comcast informed Plaintiff that Comcast set a target for installation of 85,000 agents to be completed by the end of March of 2018, a gross deviation from the March 2020 target deadline outlined by Defendant during Plaintiff's recruitment process.

34. On or about April 4, 2018, Plaintiff met with Geva and Perdue to discuss the aforementioned discrepancy between Comcast and Defendant on the target date for the 85,000 agent installations.

35. During said meeting, Plaintiff learned, for the first time, that Defendant's service contract with Comcast was subject to yearly renewal, in direct contradiction to Defendant's prior representations that the services contract was subject to a fixed three-year term. More troubling, Plaintiff learned that there was growing concern that Comcast would not renew the service agreement.

36. On or about April 18, 2018, Defendant launched an upgrade to the installed agents in Comcast's servers. During said upgrade it became apparent that the number of agents that were actually installed and active was substantially less than what had been reported.

;

37.     Specifically, Plaintiff learned that Defendant had completed only approximately 5,000 to 7,000 installs. This figure was in direct contradiction to the representations made by Defendant at the time of Plaintiff's hire that Defendant had completed at least 12,000 installs.

38.     On or about Apr 1 29, Plaintiff again inquired about the benefits plan Defendant promised him as part of his compensation

39.     On or about May 2, 2018, Defendant informed Plaintiff that he was not included in the open enrollment letter for the benefit plan and that the enrollment period had closed on April 30, 2018  Upon information and belief, Defendant sent said open enrollment letter to employees in or about January of 2018 but never sent one to Plaintiff

40.     On or about May 15, 2018, a Comcast representative disclosed to Plaintiff that Defendant misrepresented the ¯AM position to Plaintiff  Specifically, the representative informed Plaintiff that Comcast had requested an entirely different set of duties than what Defendant recruited Plaintiff to perform.

41     Thereafter, on or about May 16, 2018, Plaintiff attended a meeting with Geva during which Geva admitted that Plaintiff's position was not what Plaintiff "was led to expect "

42     On or about June 20, 2018  Defendant abruptly terminated Plaintiff's employment

8

## COUNT I
### *(Pa Common law – Fraudulent Misrepresentation/Fraudulent Inducement)*
### Plaintiff v. the Defendant

43.     Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth at length herein.

44      The aforementioned promises and representations made by Defendant to Plaintiff were intended to induce Plaintiff to enter into an employment relationship with Defendant and forego other employment opportunities

45      Plaintiff reasonably believed and relied upon the aforesaid promises and representations and was thereby induced to enter into an employment relationship with Defendant and forego other employment opportunities

46      The aforesaid acts of Defendant were intentional, willful and in reckless disregard of Plaintiff's rights and interests, and were committed with the intent to deceive and to defraud Plaintiff

47      As a direct and proximate result of Defendant's willful and malicious acts of deceit, misrepresentation and fraud, Plaintiff suffered severe emotional and psychological distress, discomfort, embarrassment, injury, pain and suffering.

48      As a further direct and proximate result of Defendant's willful and malicious acts of deceit, misrepresentation and fraud, Plaintiff has suffered a loss of earnings and a severely diminished earning capacity to his great financial detriment

9

49      By reason of the willful and malicious acts of Defendant, as aforesaid,

Plaintiff is entitled to punitive damages, in addition to compensatory damages, both of

which he hereby claims of Defendant

### COUNT II
### *(Pa Common law – Negligent Misrepresentation)*
### <u>Plaintiff v. the Defendant</u>

50      Plaintiff incorporates by reference paragraphs 1 through 49 of this

Complaint as though fully set forth at length herein

51.     The aforementioned promises and representations made by Defendant to

Plaintiff served to induce Plaintiff to enter into an employment relationship with

Defendant and to forego other employment opportunities

52      Plaintiff reasonably believed and relied upon the aforesaid promises and

representations and was thereby induced to enter into an employment relationship with

Defendant and forego other employment opportunities.

53      Defendant made these representations and actively concealed true

information at a time when it knew, or should have known, because of its superior

position of knowledge, that the targets set in the contract with Comcast could not be

achieved, and further that said contract was subject to yearly renewal.

54.     As a direct and proximate result of Defendant's negligent acts of deceit,

misrepresentation and fraud, Plaintiff suffered severe emotional and psychological

distress, discomfort, embarrassment, injury, pain and suffering.

55    As a further direct and proximate result of Defendant's negligent acts of

deceit, misrepresentation and fraud, Plaintiff has suffered a loss of earnings and a

severely diminished earning capacity to his great financial detriment

56.    By reason of the negligent acts of Defendant, as aforesaid, Plaintiff is

entitled to punitive damages in addition to compensatory damages, both of which he

hereby claims of Defendant

## COUNT III
### *(Pa Common law – Breach of Contract/Promissory Estoppel)*
### Plaintiff v. the Defendant

57.    Plaintiff incorporates by reference Paragraphs 1 through 56 of this

Complaint as though fully set forth at length herein

58    In accordance with its direct representations and promises to Plaintiff, the

Defendant knew or should have known that Plaintiff would be reasonably induced to rely

on its promise of employment as aforesaid

59.    Plaintiff reasonably relied upon Defendant's promise of employment and

was indeed induced to leave his prior position of employment as a result thereof

60    Defendant failed to uphold its promise to employ Plaintiff.

61.    As a direct and proximate result of the Defendant's failure to perform in

accordance with its promises, Plaintiff has suffered economic damages.

WHEREFORE, Plaintiff demands that judgment be entered in his favor and

against Defendant in an amount in excess of $50,000 in economic damages and

compensatory damages for emotional distress, together with costs, interest, and attorneys'

fees

11

Case 2:: 1-at q.

## JURY DEMAND

Plaintiff demands a trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

/s/ Sidney L. Gold, Esquire

SIDNEY L. GOLD, ESQUIRE
I.D. NO : 21374
1835 Market St., Ste. 515
Philadelphia, PA 19103
(215) 569-1999
Attorney for Plaintiff

Dated:  September 16, 2019

12

Case ID  190802612

## VERIFICATION

I hereby verify that the statements contained in the attached Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 6/17/19

_____
ANTONIO ROMERO, PLAINTIFF

APR911 Mail  Outstanding Questions

https://mail.google.com/mail/u/1?ik=1941545551&view=pt&search=...&permsg d=msg-f:1



Antonio Romero <tony romero@apr911 net>

## Outstanding Questions

Ilan Stern <ilan stern@guardwore com>
To Antonio Romero <tony romero@apr911 net>

Sun  Dec 24  2017 at 12 08 PM

Hey Tony  Merry Christmas!
See my answers in your text (IN RED CAPITALS)

Happy New Year!
Ilan

Ilan Stern
VP Human Resources
+972 54 9100 371

CHECK IN OUT ON GLASSDOOR

GuardCore  an ecline of the 10 most promising startups 20

On Sun, Dec 24  2017 at 6 18 PM  Antonio Romero <tony romero@apr911 net> wrote
Hi Ilan

As discussed  here are all my questions that remain outstanding  Again  these are large y for my own edification so I can plan appropriately so no real rush

1) Pay checks - Nathan said paychecks are issued bi-monthly but couldn't recall which days  At FS, I'm paid bi-monthly on the 15th and last day of the month
unless those dates are a weekend or holiday in which case I'm paid the last banking day before  is Guardcore the same? YES  SAME DATES (WE USE
TRINET AS A PAYROLL PROVIDER)

2) Pay period  Are pay checks paid current (e g  a Jan 31 paycheck includes hours worked from the day after previous paycheck to Jan 31) or are they paid
in arrears? If in arrears  how far? WE PAY FOR THE LAST 14 DAYS

3) Bonus  Is bonus paid in an annual lump sum or divided quarterly? What is the period covered by the bonus payment(s)? At FS  I receive a 14% total
bonus paid in quarterly payments of 3.5% each  the period covered is the calendar quarter and bonus is paid in the 2nd paycheck of the following quarter
(e g  10 paid 4/30  20 paid 7/31  30 paid 10/31  40 paid 1/31) BONUS IS PAID QUARTERLY  WE TRY TO PAY IT AS CLOSE TO THE END OF THE
PREVIOUS QUARTER

6/3

4 1 2014  11 AM



PLAINTIFF'S EXHIBIT
A
ALL-STATE LEGAL®

4) Benefits - I still have no information on benefits - I know you are working on a new benefit package that you cant disclose just yet but will hopefully go into effect before or shortly after I start and will be better than the current plan but can I at least get a copy of the current benefits so I can plan accordingly? Also will these benefits be effective from Day 1 or is there a waiting period - IN NEXT 5 YRS WE PROMISE NOT WE ARE GOING TO OFFER. AS OF JANUARY 2018, AN MINIMAL MEDICAL PLAN 50% COVER OF THE EMPLOYEE. 30% 40% COVER OF THE FAMILY WITH A CAP OF $1200 THIS ALSO INCLUDES DENTAL AND VISION. WE WILL ALSO HAVE A MATCH TO OF THE EMPLOYEES CONTRIBUTION TO 401K (50% UP TO 6% OF THE SALARY (AND IMMEDIATE VESTING FROM DAY).

5) 401k Benefits - I know you indicated you are still working on the 401k and that there is a planned match - are you able to provide any more details on the planned matching (and vesting)? Due to contributions limits I will likely need to change my 75 contributions at end of my last paycheck(s) in January SEE ABOVE

6) Equipment - What are my options regarding equipment? Will Guardicore be providing a laptop or stipend for purchasing a laptop? What about a cell phone and/or services? I'm currently reliant on my F5 issue laptop which will have to be returned when I leave F5. YOU WILL GET A LAPTOP (WE USUALLY WORK WITH DELL OR APPLE. YOUR CHOICE). YOU WILL GET IT ON YOUR FIRST DAY. CELL PHONE IS BYOD AND YOU CAN GET REIMBURSEMENT FOR SPECIFIC EXPENSES (INTERNALLY WE USE SLACK SO NO CHARGE FOR INTERNATIONAL CALLS)

7) Time Off - The terms of time off in the offer letter simply stated 15 days and 5 sick days. I'm assuming as is typical in the US the sick days are granted on the 1st of the year and are use them or lose them and I am assuming the 15 days are granted at a steady rate of 5hrs per pay period. Can I rollover time off and if so, what is the maximum accrue? A F5 I get 6.66 hours every pay period for 20 days a year and can collect up to 240 hours (30 days) total time off before I have to use it or lose it. WE ARE FLEXIBLE...) YOU CAN USE. IF NEEDED MORE THEN YOU HAVE IN YOUR CURRENT BALANCE MAXIMUM ACCURAL IS 30 DAYS (SO YOU CAN TRANSFER 15 DAYS TO THE FOLLOWING YEAR BUT YOU WILL NEED TO USE IT DURING THAT YEAR

8) Holidays - I presently receive 9 fixed holidays based primarily on US holidays (New Years Day, Presidents Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, Day after Thanksgiving, Christmas Eve (if sunday) I assume my calendar will likely follow Comcasts which is only 7 days as it doesn't include the day after Thanksgiving or Christmas Eve and swaps Martin Luther King Day in January for President's Day in February but considering Guardicore originally wanted me to travel in November over the Thanksgiving holiday and I will be in Tel Aviv over Martin Luther King, it bears asking what are the observed US holidays for US Guardicore Employees. WE GIVE 10 FEDERAL DAYS

## US Holiday Schedule - 2018

1. New Year's Day (Monday January 1 2018)
2. Presidents Day (Monday February 19 2018)
3. Good Friday/Spring Break Friday (Friday March 30 2018)
4. Memorial Day (Monday May 28 2018)
5. Independence Day (Wednesday July 4 2018)
6. Labor Day (Monday September 3 2018)
7. Thanksgiving Day (Thursday November 22 2018)
8. Day After Thanksgiving (Friday November 23 2018)
9. Christmas Eve (Monday December 24 2018)
10. Christmas Day (Tuesday December 25 2018)

9) Stock Options - Can you clarify the language of the stock option grant given my start date of January 15? I understand I will receive 25% on January 15 2019 and that they will vest quarterly over the next 3 years but was confused by the language "at the end of each calendar quarter commencing with the first quarter after the first anniversary. Read one way, I'll be 25% vested on January 16, 2019, and 31.25% vested on April 1, 2019 with 100% vested on 12/31/2021 and read another way, I'll be 25% vested on January 16, 2019 but won't be 31.25% vested until July 1 and won't be 100% vested until March 31 2022. THIS IS A SIMPLE ONE -) YOU WILL BE 25% VESTED ON JAN 16 2019 AND THEN ON EACH BEGINING OF A QUARTER YOU WILL BE VESTED AN ADDITIONAL 6.25% FOR 12 QUARTERS (IE. APRIL 1 2019, JULY 1 2019  =25% OF YOUR TOTAL GRANT AFTER THE FIRST YEAR CLIFF + 75% OF YOUR TOTAL GRANT DURING THE NEXT 3 YEARS  QUARTERLY)

10) Stock Purchases - I'm guessing not but figured I'd ask to confirm anyway - is there any option to reinvest your shares in addition to those options granted to me? I'm a big proponent of employee ownership and was investing 10% of my pay per year back into F5, though as a publicly traded company  F5 was already set-up for an employee stock purchase plan  CURRENTLY NO - ALL STOCK OPTIONS ARE RESERVED FOR FUTURE HIRES  -) ON THE OTHER HAND, WE DO GRANT MORE OPTIONS IN SPECIFIC CASES (PROMOTIONS  EXCELLENCE OF SERVICE  END OF 4 YEARS )

11) Start Date(s) - I know Tamar will be working on travel arrangements to Tel Aviv and assure he will be in touch in the next few days. Can you confirm the anticipated schedule while I am in Tel Aviv? What has Tomacel been told as far as my start date and schedule with them? WE NEED YOU IN ISRAEL FOR 10 WORKING DAYS FOR TRAINING  WE WORK SUNDAY - THURSDAY  TOMCAST IS EXPECTING YOU BEGINING OF FEBRUARY IF YOU CAN START  A DAY OR TWO EARLIER AND FLY OUT ON SUNDAY , OR EVEN SATURDAY? WE WILL BE ABLE TO HAVE THE FULL TWO WEEKS AND YOU WILL FLY BACK THURSDAY  IF NOT WE WILL NEED TO START FROM NOW

That's all of the ones I can think of at the moment  I'm sure might be a few  I missed  if you know  FEEL FREE TO ASK IF SOMETHING IS NOT CLEAR  HAPPY NEW YEAR

Thanks!
Tiny Romero

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO ROMERO, | : |
| | : CIVIL ACTION NO.: |
| Plaintiff, | : |
| | : |
| v. | : |
| | : **NOTICE OF COMPLIANCE** |
| GUARDICORE, INC., | : **WITH 28 U.S.C. § 1446(d)** |
| | : |
| Defendant. | : |

TO:    Clerk of Court                          Sidney L. Gold
       United States District Court for the    Sidney L. Gold & Assoc., P.C.
       Eastern District of Pennsylvania         1835 Market Street · Suite 515
       2609 U.S. Courthouse                     Philadelphia, PA 19103
       601 Market Street
       Philadelphia, PA 19106


Pursuant to the requirements of 28 U.S.C. § 1446(d), on October 22, 2019, a notice

and petition for removal, a true copy of which is attached hereto as Exhibit A, will be filed with

the Clerk of the Pennsylvania Court of Common Pleas, Philadelphia County, Civil Division.

                              JACKSON LEWIS P.C.


                              Marjorie N. Kaye (PA #315093)
                              Kristin L. Witherell (PA #325594)
                              Three Parkway
                              1601 Cherry Street, Suite 1350
                              Philadelphia, PA 19102
                              T: (267) 319-7802
                              F: (215) 399-2249
                              marjorie.kaye@jacksonlewis.com
                              kristin.witherell@jacksonlewis.com
                              ATTORNEYS FOR DEFENDANT

Dated: October 22, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANTONIO ROMERO,

        Plaintiff,

    v.

GUARDICORE, INC.,

        Defendant.

CIVIL ACTION NO.:

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October 2019, a true and correct copy of

**Defendant's Notice of and Petition for Removal** was filed with the Court and served upon the

individuals listed below, via E-mail and/or Overnight Mail.

Sidney L. Gold, Esquire
1835 Market Street, Suite 515
Philadelphia, PA 19103

Marjorie N. Kaye (PA #315093)

4846-5409-7834, v 1

FILED

OCT 22 2019

KATE BARKMAN, Clerk
Dep. Clerk

By

# EXHIBIT A

Marjorie N. Kaye, Jr. Esq. (Bar ID #315093)
Kristin L. Witherell, Esq. (Bar ID #325594)
JACKSON LEWIS P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
267-319-7802
ATTORNEYS FOR DEFENDANT

## IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY

| | | |
|---|---|---|
| ANTONIO ROMERO, | : | |
| | : | Civil Action No.: |
| Plaintiff, | : | |
| | : | |
| v. | : | **NOTICE AND PETITION FOR** |
| | : | **REMOVAL OF A CIVIL ACTION FROM** |
| GUARDICORE, INC., | : | **THE COURT OF COMMON PLEAS OF** |
| | : | **PHILADELPHIA COUNTY,** |
| Defendant. | : | **PENNSYLVANIA** |
| | : | |

TO:   Clerk of Judicial Records          Sidney L. Gold, Esq.
      Philadelphia City Hall             Sidney L. Gold, Esquire
      Room 284                           1835 Market Street – Suite 515
      1400 John F. Kennedy Blvd,         Philadelphia, PA 19103
      Philadelphia, PA 19107

**PLEASE TAKE NOTICE** that Defendant Guardicore, Inc. ("Defendant" or

"Guardicore") forwarded for filing its notice and petition for removal of this action to the United

States District Court for the Eastern District of Pennsylvania on the 22nd day of October 2019.  A

copy of the notice and petition filed with the United States District Court is submitted herewith

as Exhibit A.

**PLEASE TAKE FURTHER NOTICE,** that Defendant hereby files a copy of its notice

and petition with the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance

with 28 U.S.C. § 1446.

Respectfully submitted,

JACKSON LEWIS P.C.

By:

Marjorie N. Kaye, Jr., Esquire
Kristin L. Witherell, Esquire
Three Parkway
1601 Cherry St., Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
marjorie.kaye@jacksonlewis.com
kristin.witherell@jacksonlewis.com
ATTORNEYS FOR DEFENDANT

Dated: October 22, 2019

Marjorie N. Kaye, Jr., Esq. (Bar ID #315093)
Kristin L. Witherell, Esq. (Bar ID #325594)
JACKSON LEWIS P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
267-319-7802
ATTORNEYS FOR DEFENDANT

## IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY

ANTONIO ROMERO,                  :
                                 :  Civil Action No.:
            Plaintiff,           :
                                 :
     v.                          :  **FILED**
                                 :  OCT 22 2019
GUARDICORE, INC.,                :  KATE BARKMAN, Clerk
                                 :  By_____ Dep. Clerk
            Defendant.           :

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Defendant's Notice and Petition for
Removal of a Civil Action from the Court Of Common Pleas of Philadelphia County,
Pennsylvania** and this **Certificate of Service** were served upon Plaintiff's counsel, Sidney L.
Gold, Esq. at his address located at 1835 Market Street Suite 515, Philadelphia, PA 19103 via
overnight mail, on this 22nd day of October 2019.

JACKSON LEWIS P.C.

By: _____
Marjorie N. Kaye (PA #315093)

4829-7486-8906, v 1